ORIGINAL

1  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiff
   CRAIG YATES, an individual
6

*E-filing*

7

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10                                    CASE NO. **10    0872**
11  CRAIG YATES, an individual,       ) **Civil Rights**
                                      )
12        Plaintiff,                  ) **COMPLAINT FOR INJUNCTIVE RELIEF**
                                      ) **AND DAMAGES:**
13  v.                                )
                                      ) **1st CAUSE OF ACTION:** For Denial of Access
14  MIKADO SUSHI a.k.a, TANG KAI YUNG,) by a Public Accommodation in Violation of the
                                      ) Americans with Disabilities Act of 1990 (42
15  an individual dba MIKADO SUSHI; and) U.S.C. §12101, *et seq.*)
                                      )
16  NORTHGATE PROPERTIES, LP,         ) **2nd CAUSE OF ACTION:** For Denial of Full
                                      ) and Equal Access in Violation of California
17        Defendants.                 ) Civil Code §§54, 54.1 and 54.3
    _____    )
18                                      **3rd CAUSE OF ACTION:** For Denial of
                                        Access to Full and Equal Accommodations,
19                                      Advantages, Facilities, Privileges and/or
                                        Services in Violation of California Civil Code
20                                      §51, *et seq.* (The Unruh Civil Rights Act)

21

22
                                        **DEMAND FOR JURY**
23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1 | **JURISDICTION AND VENUE:**

2     3.     **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C.
3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6 California law, whose goals are closely tied with the ADA, including but not limited to violations
7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
8 *seq.*, including §19959; Title 24 California Building Standards Code.

9     4.     **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10 founded on the facts that the real property which is the subject of this action is located at/near
11 248 Northgate One, in the City of San Rafael, County of Marin, State of California, and that
12 plaintiff's causes of action arose in this county.

13 | **PARTIES:**

14     5.     Plaintiff CRAIG YATES is a "physically handicapped person", a "physically
15 disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
16 disabled", "physically handicapped" and "person with physical disabilities" are used
17 interchangeably, as these words have similar or identical common usage and legal meaning, but
18 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
20 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
21 CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
22 and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a
23 wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
24 portion of the public whose rights are protected by the provisions of Health & Safety Code
25 §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
26 Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
27 Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
28 §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1    6.    Defendants TANG KAI YUNG, an individual dba MIKADO SUSHI; and

2  NORTHGATE PROPERTIES, LP (hereinafter alternatively collectively referred to as

3  "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners,

4  lessors and/or lessees, of the public accommodation known as MIKADO SUSHI, located at/near

5  248 Northgate One, San Rafael, California, or of the building and/or buildings which constitute

6  said public accommodation.

7    7.    At all times relevant to this complaint, defendants TANG KAI YUNG, an

8  individual dba MIKADO SUSHI; and NORTHGATE PROPERTIES, LP, own and operate in

9  joint venture the subject MIKADO SUSHI as a public accommodation. This business is open to

10  the general public and conducts business therein. The business is a "public accommodation" or

11  "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,*

12  Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

13    8.    At all times relevant to this complaint, defendants TANG KAI YUNG, an

14  individual dba MIKADO SUSHI; and NORTHGATE PROPERTIES, LP are jointly and

15  severally responsible to identify and remove architectural barriers at the subject MIKADO

16  SUSHI pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in

17  pertinent part:

18        **§ 36.201    General**

19            (b) *Landlord and tenant responsibilities.* Both the landlord
          who owns the building that houses a place of public
20          accommodation and the tenant who owns or operates the place of
          public accommodation are public accommodations subject to the
21          requirements of this part. As between the parties, allocation of
          responsibility for complying with the obligations of this part may
22          be determined by lease or other contract.

23        28 CFR §36.201(b)

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1 **PRELIMINARY FACTUAL ALLEGATIONS:**

2     9.    The MIKADO SUSHI, is a restaurant, located at/near 248 Northgate One, San

3 Rafael, California. The MIKADO SUSHI, its entrance, men's restroom, women's restroom, and

4 its other facilities are each a "place of public accommodation or facility" subject to the barrier

5 removal requirements of the Americans with Disabilities Act. On information and belief, each

6 such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions,"

7 each of which has subjected the MIKADO SUSHI and each of its facilities, its entrance, men's

8 restroom and women's restroom to disability access requirements per the Americans with

9 Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of

10 regulations (Title 24).

11     10.    At all times stated herein, defendants' and each of them with the knowledge that

12 each of them had a continuing obligation to identify and remove architectural barriers where it

13 was readily achievable to do so, failed to adopt a transition plan to provide better and/or

14 compliant access to the subject accommodation.

15     11.    At all times referred to herein and continuing to the present time, defendants, and

16 each of them, advertised, publicized and held out the MIKADO SUSHI as being handicapped

17 accessible and handicapped usable.

18     12.    On or about April 20, 2009, April 25, 2009, May 2, 2009, May 8, 2009, June 5,

19 2009, June 8, 2009, June 16, 2009, June 19, 2009, June 20,2009, June 30, 2009, July 18, 2009,

20 August 3, 2009, August 26, 2009, September 18, 2009, September 21, 2009, September 25,

21 2009, October 7, 2009, November 2, 2009, November 23, 2009, December 29, 2009,

22 December 30, 2009, January 9, 2010, February 1, 2010 and February 23, 2010, plaintiff CRAIG

23 YATES was an invitee and guest at the subject MIKADO SUSHI for purposes of having food

24 and drinks.

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1    13.    On or about April 20, 2009, April 25, 2009,  May 2, 2009, May 8, 2009, June 5,

2  2009, June 8, 2009, June 16, 2009, June 19, 2009, June 20, 2009, June 30, 2009, July 18, 2009,

3  August 3, 2009, August 26, 2009, September 18, 2009, September 21, 2009, September 25,

4  2009, October 7, 2009, November 2, 2009, November 23, 2009, December 29, 2009, December

5  30, 2009, January 9, 2010, February 1, 2010 and February 23, 2010, plaintiff CRAIG YATES

6  encountered an entrance, men's restroom and women's restroom that had many elements which

7  were architectural barriers in an otherwise compliant footprint.

8    14.    At said times and place, plaintiff CRAIG YATES engaged the staff and

9  assumedly the management in conversation regarding the access issues all to no avail.

10    15.    On or about July 17, 2009, plaintiff CRAIG YATES wrote both the landlord and

11  the tenant of the subject restaurant about the front door pressure, the sink in the men's restroom

12  and the dresser in the men's restroom.  In that letter, plaintiff CRAIG YATES provided them

13  with the phone numbers for Pacific Disability Center, and the Department of Justice to enable

14  them to understand their obligations and independently determine the remedial work necessary.

15  Plaintiff CRAIG YATES even provided tax credit information.  Plaintiff CRAIG YATES sought

16  a response in two (2) weeks.  Plaintiff CRAIG YATES never received a response.

17    16.    On or about September 2, 2009, plaintiff CRAIG YATES wrote a follow-up letter

18  to the landlord and the tenant about the same issue.  Plaintiff CRAIG YATES requested a

19  response once the landlord and the tenant received his letter(s).  Plaintiff CRAIG YATES never

20  received a response.

21    17.    On or about and between September 2, 2009 and February 1, 2010, plaintiff

22  CRAIG YATES spoke with Sherry, who is and was told, was a manager about the non

23  complying elements of MIKADO SUSHI.  Plaintiff CRAIG YATES was told that the sinks were

24  new and there was no reason to change them, that management for the landlord was asked to fix

25  the door pressure and that the chest in the restroom was for storage.  Plaintiff CRAIG YATES

26  informed Sherry that a wall-hung cabinet would solve the problem.  Nothing more was said or

27  done.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1  18.    On or about January 8, 2010, plaintiff CRAIG YATES wrote and delivered a total
2  of six (6) addressed letters to Sherry, Mr. June (owner/manager) and the manager. The letters
3  were sent by certified mail, united states postal mail and hand delivery.

4  19.    In that letter(s), plaintiff CRAIG YATES provided a punch list of the work that
5  needed to be done and plaintiff CRAIG YATES informed the recipients of the letter(s) that if
6  they promised to do the work and acknowledge in writing, that he, plaintiff CRAIG YATES
7  would not take any action, legal or otherwise. Plaintiff CRAIG YATES gave them until
8  January 31, 2010, to agree in writing. Plaintiff CRAIG YATES never received a response.

9  20.    On or about noon, February 23, 2010, plaintiff CRAIG YATES and Frieda Zolan,
10  a member of the Marin Coalition, patronized Starbuck in the Northgate #1 plaza. Plaintiff
11  CRAIG YATES parked his van in the second northerly accessible parking stall directly in front
12  of the Sonoma Taco Shop. Plaintiff CRAIG YATES exited his van and wheeled towards the
13  cross hatched path of travel. Plaintiff CRAIG YATES wheeled up the curb cut and went to his
14  left up the curb cut slope which was in direct line with the path of travel. It was raining, and
15  plaintiff CRAIG YATES did not see the six (6) inch unmarked vertical drop to the path of travel.
16  There were no warning signs, caution tape, cones or other methods of warning. Plaintiff CRAIG
17  YATES was able to stop his wheelchair at the top of the precipice avoiding a disastrous fall.

18  21.    On or about February 23, 2010, at 4:00 p.m., plaintiff CRAIG YATES patronized
19  the Safeway grocery store. Plaintiff CRAIG YATES returned to the subject parking stall after
20  shopping to see if any warning signs/devices had been put in place. Plaintiff CRAIG YATES
21  parked in the disabled stall and saw that there were still no warning devices. Plaintiff CRAIG
22  YATES then called Howard Properties, whom he was told was the property manager. Plaintiff
23  CRAIG YATES got a voice mail recording, and plaintiff CRAIG YATES left a message
24  regarding the dangerous condition.

25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

22. Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject MIKADO SUSHI which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

    a.    lack of an accessible entrance due to excessive door pressure;

    b.    lack of a fully compliant handicapped-accessible women's public restroom;

    c.    lack of a fully compliant handicapped-accessible men's public restroom; and

    d.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

23. At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

24. On or about July 17, 2009, September 2, 2009 and January 8, 2010, defendant(s) were sent a total of ten (10) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers and generally, requesting a response within 14 days or upon receipt of the letters(s) and requesting remedial measures be undertaken. Plaintiff CRAIG YATES never received any response to any of the letters. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

25. As a legal result of defendants TANG KAI YUNG, an individual dba MIKADO SUSHI; and NORTHGATE PROPERTIES, LP's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1      26.    As a further legal result of the actions and failure to act of defendants, and as a
2 legal result of the failure to provide proper handicapped-accessible public facilities as set forth
3 herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff
4 CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical
5 disabilities to full and equal access to public facilities.

6      27.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
7 mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
8 embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
9 person with physical disabilities being denied access, all to his damages as prayed hereinafter in
10 an amount within the jurisdiction of this court. No claim is being made for mental and emotional
11 distress over and above that usually associated with the discrimination and physical injuries
12 claimed, and no expert testimony regarding this usual mental and emotional distress will be
13 presented at trial in support of the claim for damages.

14      28.    Defendants', and each of their, failure to remove the architectural barriers
15 complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
16 accommodation, and continues to create continuous and repeated exposure to substantially the
17 same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

18      29.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility
19 by defendants TANG KAI YUNG, an individual dba MIKADO SUSHI; and NORTHGATE
20 PROPERTIES, LP, because defendants TANG KAI YUNG, an individual dba MIKADO SUSHI;
21 and NORTHGATE PROPERTIES, LP maintained a sushi restaurant without access for persons
22 with physical disabilities to its facilities, including but not limited to the entrance, men's restroom
23 women's restroom, and other public areas as stated herein, and continue to the date of filing this
24 complaint to deny equal access to plaintiff and other persons with physical disabilities in these and
25 other ways.

26      30.    On information and belief, construction alterations carried out by defendants have
27 also triggered access requirements under both California law and the Americans with Disabilities
28 Act of 1990.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

31. Plaintiff, as described hereinbelow, seeks injunctive relief to require the MIKADO SUSHI to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the MIKADO SUSHI as a public facility.

32. Plaintiff seeks damages for violation of their civil rights on April 20, 2009, April 25, 2009, May 2, 2009, May 8, 2009, June 5, 2009, June 8, 2009, June 16, 2009, June 19, 2009, June 20, 2009, June 30, 2009, July 18, 2009, August 3, 2009, August 26, 2009, September 18, 2009, September 21, 2009, September 25, 2009, October 7, 2009, November 2, 2009, November 23, 2009, December 29, 2009, December 30, 2009, January 9, 2010, February 1, 2010 and February 23, 2010 and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

33. On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

34. Because of defendants' violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling defendants to make the MIKADO SUSHI accessible to persons with disabilities.

///

///

1    35.    On information and belief, defendants have intentionally undertaken to modify and
2  alter existing building(s), and have failed to make them comply with accessibility requirements
3  under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each
4  of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
5  and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried
6  out by defendants, and each of them, with a willful and conscious disregard for the rights and
7  safety of plaintiff and other similarly situated persons, and justify a trebling of damages as
8  provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
9  defendants, and each of them, to other operators and landlords of other sushi restaurants and other
10  public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51,
11  51.5 and 54.

12    36.    Plaintiff is informed and believes and therefore alleges that defendants TANG KAI
13  YUNG, an individual dba MIKADO SUSHI; and NORTHGATE PROPERTIES, LP, and each of
14  them, caused the subject building(s) which constitute the MIKADO SUSHI to be constructed,
15  altered and maintained in such a manner that persons with physical disabilities were denied full
16  and equal access to, within and throughout said building(s) of the subject restaurant and were
17  denied full and equal use of said public facilities. Furthermore, on information and belief,
18  defendants have continued to maintain and operate said restaurant and/or its building(s) in such
19  conditions up to the present time, despite actual and constructive notice to such defendants that
20  the configuration of MIKADO SUSHI and/or its building(s) is in violation of the civil rights of
21  persons with physical disabilities, such as plaintiff CRAIG YATES, and other members of the
22  disability community. Such construction, modification, ownership, operation, maintenance and
23  practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, and the ADA,
24  42 U.S.C. §12101, *et seq.*

25  ///
26  ///
27  ///
28  ///

37.    On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the MIKADO SUSHI and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make the MIKADO SUSHI accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiff and other persons with physical disabilities to the MIKADO SUSHI. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

///

///

///

///

1          38.      Plaintiff CRAIG YATES and the disability community, consisting of persons with

2   disabilities, would, could and will return to the subject public accommodation when it is made

3   accessible to persons with disabilities.

4   **I.      FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
           ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
5           DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
           (On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants TANG KAI
6           YUNG, an individual dba MIKADO SUSHI; and  NORTHGATE PROPERTIES, LP,
           inclusive)
7           (42 U.S.C. §12101, *et seq.*)

8          39.      Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

9   the allegations contained in paragraphs 1 through 38 of this complaint.

10         40.      Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

11  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

12  protect:

13              some 43 million Americans with one or more physical or mental
               disabilities; [that] historically society has tended to isolate and
14              segregate individuals with disabilities; [that] such forms of
               discrimination against individuals with disabilities continue to be a
15              serious and pervasive social problem; [that] the nation's proper
               goals regarding individuals with disabilities are to assure equality of
16              opportunity, full participation, independent living and economic
               self-sufficiency for such individuals; [and that] the continuing
17              existence of unfair and unnecessary discrimination and prejudice
               denies people with disabilities the opportunity to compete on an
18              equal basis and to pursue those opportunities for which our free
               society is justifiably famous.

19
           41.      Congress stated as its purpose in passing the Americans with Disabilities Act of
20
    1990 (42 U.S.C. §12102):
21
                It is the purpose of this act (1) to provide a clear and comprehensive
22              national mandate for the elimination of discrimination against
               individuals with disabilities; (2) to provide clear, strong, consistent,
23              enforceable standards addressing discrimination against individuals
               with disabilities; (3) to ensure that the Federal government plays a
24              central role in enforcing the standards established in this act on
               behalf of individuals with disabilities; and (4) to invoke the sweep
25              of Congressional authority, including the power to enforce the 14th
               Amendment and to regulate commerce, in order to address the
26              major areas of discrimination faced day to day by people with
               disabilities.

27  ///

28  ///

1    42.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

4  accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.
>
> 42 U.S.C. §12181(7)(B)

10    43.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

11  on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

12  privileges, advantages, or accommodations of any place of public accommodation by any person

13  who owns, leases, or leases to, or operates a place of public accommodation."

14    44.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

15  42 U.S.C. §12182(b)(2)(a) are:

> (I)    the imposition or application of eligibility criteria
> that screen out or tend to screen out an individual with a disability
> or any class of individuals with disabilities from fully and equally
> enjoying any goods, services, facilities, privileges, advantages, or
> accommodations, unless such criteria can be shown to be necessary
> for the provision of the goods, services, facilities, privileges,
> advantages, or accommodations being offered;
>
> (ii)    a failure to make reasonable modifications in
> policies, practices, or procedures, when such modifications are
> necessary to afford such goods, services, facilities, privileges,
> advantages or accommodations to individuals with disabilities,
> unless the entity can demonstrate that making such modifications
> would fundamentally alter the nature of such goods, services,
> facilities, privileges, advantages, or accommodations;
>
> (iii)    a failure to take such steps as may be necessary to
> ensure that no individual with a disability is excluded, denied
> services, segregated or otherwise treated differently than other
> individuals because of the absence of auxiliary aids and services,
> unless the entity can demonstrate that taking such steps would
> fundamentally alter the nature of the good, service, facility,
> privilege, advantage, or accommodation being offered or would
> result in an undue burden;

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1                (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing

2            facilities . . . where such removal is readily achievable; and

3                (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to

4            make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such

5            methods are readily achievable.

6  The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

7  Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

8  January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

9  §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

10        45.    The removal of the barriers complained of by plaintiff as hereinabove alleged were

11  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the subject

12  restaurant pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the

13  removal of all the barriers complained of herein together was not "readily achievable," the

14  removal of each individual barrier complained of herein was "readily achievable." On

15  information and belief, defendants' failure to remove said barriers was likewise due to

16  discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

17  (b)(2)(A)(i)and (ii).

18        46.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

19  accomplishable and able to be carried out without much difficulty or expense." The statute

20  defines relative "expense" in part in relation to the total financial resources of the entities

21  involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

22  plaintiff complains of herein were and are "readily achievable" by the defendants under the

23  standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

24  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

25  make the required services available through alternative methods which were readily achievable.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    47.    On information and belief, construction work on, and modifications of, the subject
2  building(s) of MIKADO SUSHI occurred after the compliance date for the Americans with
3  Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
4  the ADA.

5    48.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
6  seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
7  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
8  of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
9  to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or
10  making use of the public facilities complained of herein so long as the premises and defendants'
11  policies bar full and equal use by persons with physical disabilities.

12    49.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
13  disability to engage in a futile gesture if such person has actual notice that a person or
14  organization covered by this title does not intend to comply with its provisions." Pursuant to this
15  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about
16  February 23, 2010, but on information and belief, alleges that defendants have continued to
17  violate the law and deny the rights of plaintiff and of other persons with physical disabilities to
18  access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
19  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
20  facilities readily accessible to and usable by individuals with disabilities to the extent required by
21  this title."

22    50.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights
23  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
24  the Americans with Disabilities Act of 1990, including but not limited to an order granting
25  injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being
26  deemed to be the prevailing party.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

II. **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants TANG KAI YUNG, an individual dba MIKADO SUSHI; and NORTHGATE PROPERTIES, LP, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

51.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 50 of this complaint.

52.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

53.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

54.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

> Civil Code §54.1(d)

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      55.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2 whose rights have been infringed upon and violated by the defendants, and each of them, as

3 prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

4 knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5 Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

6 defendants' MIKADO SUSHI. As a legal result, plaintiff is entitled to seek damages pursuant to

7 a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on

8 which he visited or have been deterred from visiting the subject restaurant because of his

9 knowledge and belief that the restaurant is inaccessible to persons with disabilities. California

10 Civil Code §54.3(a) provides:

11                     Any person or persons, firm or corporation, who denies or interferes
                        with admittance to or enjoyment of the public facilities as specified
12                     in Sections 54 and 54.1 or otherwise interferes with the rights of an
                        individual with a disability under Sections 54, 54.1 and 54.2 is
13                     liable for each offense for the actual damages and any amount as
                        may be determined by a jury, or the court sitting without a jury, up
14                     to a maximum of three times the amount of actual damages but in
                        no case less than . . .one thousand dollars ($1,000) and . . .
15                     attorney's fees as may be determined by the court in addition
                        thereto, suffered by any person denied any of the rights provided in
16                     Sections 54, 54.1 and 54.2.

17                     Civil Code §54.3(a)

18      56.    On or about April 20, 2009, April 25, 2009, May 2, 2009, May 8, 2009, June 5,

19 2009, June 8, 2009, June 16, 2009, June 19, 2009, June 20, 2009, June 30, 2009, July 18, 2009,

20 August 3, 2009, August 26, 2009, September 18, 2009, September 21, 2009, September 25, 2009,

21 October 7, 2009, November 2, 2009, November 23, 2009, December 29, 2009, December 30,

22 2009, January 9, 2010, February 1, 2010 and February 23, 2010, plaintiff CRAIG YATES

23 suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied

24 access to the entrance, men's restroom, women's restroom and other public facilities as stated

25 herein at the MIKADO SUSHI and on the basis that plaintiff CRAIG YATES was a person with

26 physical disabilities.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    57.    As a result of the denial of equal access to defendants' facilities due to the acts and
2  omissions of defendants, and each of them, in owning, operating and maintaining these subject
3  public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
4  rights under Civil Code §§54, 54.1 and 54.3.

5    58.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
6  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
7  and worry, all of which are expectedly and naturally associated with a denial of access to a person
8  with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
9  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
10  person or an entity that represents persons with physical disabilities and unable, because of the
11  architectural barriers created and maintained by the defendants in violation of the subject laws, to
12  use the public facilities hereinabove described on a full and equal basis as other persons.

13    59.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
14  seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
15  as a person or an entity that represents persons with physical disabilities on or about April 20,
16  2009, April 25, 2009,  May 2, 2009, May 8, 2009, June 5, 2009, June 8, 2009, June 16, 2009, June
17  19, 2009, June 20, 2009, June 30, 2009, July 18, 2009, August 3, 2009, August 26, 2009,
18  September 18, 2009, September 21, 2009, September 25, 2009, October 7, 2009, November 2,
19  2009, November 23, 2009, December 29, 2009, December 30, 2009, January 9, 2010,
20  February 1, 2010 and February 23, 2010 and on a continuing basis since then, including statutory
21  damages, a trebling of all of actual damages, general and special damages available pursuant to
22  §54.3 of the Civil Code according to proof.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1   60.    As a result of defendants', and each of their, acts and omissions in this regard,

2   plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

3   plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

4   disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

5   the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

6   reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

7   plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to

8   compel the defendants to make their facilities accessible to all members of the public with

9   disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

10  the provisions of §1021.5 of the Code of Civil Procedure.

11
12  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL
         ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR
         SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE**
13  **UNRUH CIVIL RIGHTS ACT)**
        (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants TANG
14      KAI YUNG, an individual dba MIKADO SUSHI; and  NORTHGATE PROPERTIES, LP,
        inclusive)
15      (Civil Code §51, 51.5)

16  61.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

17  the allegations contained in paragraphs 1 through 60 of this complaint.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    62.    Defendants' actions and omissions and failure to act as a reasonable and prudent

2  public accommodation in identifying, removing and/or creating architectural barriers, policies,

3  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

4  Unruh Act provides:

5              This section shall be known, and may be cited, as the Unruh
             Civil Rights Act.

6
             All persons within the jurisdiction of this state are free and
7        equal, and no matter what their sex, race, color, religion, ancestry,
             national origin, or **disability** are entitled to the full and equal
8        accommodations, advantages, facilities, privileges, or services in all
             business establishments of every kind whatsoever.

9
             This section shall not be construed to confer any right or
10       privilege on a person that is conditioned or limited by law or that is
             applicable alike to persons of every sex, color, race, religion,
11       ancestry, national origin, or **disability.**

12             Nothing in this section shall be construed to require any
             construction, alteration, repair, structural or otherwise, or
13       modification of any sort whatsoever, beyond that construction,
             alteration, repair, or modification that is otherwise required by other
14       provisions of law, to any new or existing establishment, facility,
             building, improvement, or any other structure . . . nor shall anything
15       in this section be construed to augment, restrict, or alter in any way
             the authority of the State Architect to require construction,
16       alteration, repair, or modifications that the State Architect otherwise
             possesses pursuant to other . . . laws.

17
             A violation of the right of any individual under the
18       Americans with Disabilities Act of 1990 (Public Law 101-336) shall
             also constitute a violation of this section.

19

20  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

21  "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

22  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

23  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

24  defendants, and each of them.

25  ///

26  ///

27  ///

28  ///

63.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

64.     Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at §39, *et seq.*, as if repled herein.

65.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities.

///

1    66.    Further, plaintiff CRAIG YATES suffered mental distress, mental

2  suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

3  disappointment and worry, all of which are expectedly and naturally associated with a denial of

4  access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

5  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

6  basis that plaintiff is a person or an entity that represents persons with physical disabilities and

7  unable, because of the architectural barriers created and maintained by the defendants in violation

8  of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

9  other persons.

10    67.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

11  of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

12  mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

13  allowed by statute, according to proof if deemed to be the prevailing party.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1 **PRAYER:**

2     Plaintiff prays that this court award damages and provide relief as follows:

3 **I.**     **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

4     **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants TANG

5     KAI YUNG, an individual dba MIKADO SUSHI; and NORTHGATE PROPERTIES, LP, inclusive)

6     (42 U.S.C. §12101, *et seq.*)

7     1.     For injunctive relief, compelling defendants TANG KAI YUNG, an individual dba

8 MIKADO SUSHI; and NORTHGATE PROPERTIES, LP, inclusive, to make the MIKADO

9 SUSHI, located at 248 Northgate One, San Rafael, California, readily accessible to and usable by

10 individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications

11 in policies, practice, eligibility criteria and procedures so as to afford full access to the goods,

12 services, facilities, privileges, advantages and accommodations being offered.

13     2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

14 prevailing party; and

15     3.     For such other and further relief as the court may deem proper.

16 **II.**     **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**

17     **AND 54.3, *ET SEO.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants TANG

18     KAI YUNG, an individual dba MIKADO SUSHI; and NORTHGATE PROPERTIES, LP, inclusive)

19     (California Civil Code §§54, 54.1, 54.3, *et seq.*)

20     1.     For injunctive relief, compelling defendants TANG KAI YUNG, an individual dba

21 MIKADO SUSHI; and NORTHGATE PROPERTIES, LP, inclusive, to make the MIKADO

22 SUSHI, located at 248 Northgate One, San Rafael, California, readily accessible to and usable by

23 individuals with disabilities, per state law.

24     2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

25 each occasion on which plaintiff was deterred from returning to the subject public

26 accommodation.

27     3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

28 if plaintiffs are deemed the prevailing party;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1        4.     Treble damages pursuant to Civil Code §54.3;

2        5.     General damages according to proof;

3        6.     For all costs of suit;

4        7.     Prejudgment interest pursuant to Civil Code §3291; and

5        8.     Such other and further relief as the court may deem just and proper.

**III.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants TANG KAI YUNG, an individual dba MIKADO SUSHI; and NORTHGATE PROPERTIES, LP , inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

    1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

    2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

    3.     General damages according to proof;

    4.     Treble damages pursuant to Civil Code §52(a);

    5.     For all costs of suit;

///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.  Prejudgment interest pursuant to Civil Code §3291; and

7.  Such other and further relief as the court may deem just and proper.

Dated: _2/24/10_, 2010      THOMAS E. FRANKOVICH,
                            *A PROFESSIONAL LAW CORPORATION*

                            By: _____
                                THOMAS E. FRANKOVICH
                                Attorneys for Plaintiff CRAIG YATES, an individual

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: _2/2 4/10_, 2010     THOMAS E. FRANKOVICH,
                            *A PROFESSIONAL LAW CORPORATION*

                            By: _____
                                THOMAS E. FRANKOVICH
                                Attorneys for Plaintiff CRAIG YATES, an individual

Exhibit A

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

July 17, 2009

Manager
Mikado Sushi Restaurant
248 Northgate One
San Rafael, CA 94903

Dear Manager of Mikado Sushi:

Over the last few months, I've visited Mikado Sushi a few times. As I use a wheelchair, I had problems with the front door pressure being too great. Although I could get into the men's restroom, the problem is the sink doesn't let me get close in without twisting. Believe me it's an ordeal, because I'm a triplegic and I don't have a lot of function. Then have a dresser which keeps a chair user from getting along side the toilet.

The solution is really simple:

        1). Reduce door pressure;
        2). Put in a small wall mounted sink;
        3). Take the dresser out;
        4). Check out the women's restroom;
        5). See, how simple it was. You can do it!

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed almost 20 years ago. During that time, places like yours were to be made accessible. The Mikado Restaurant is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten more than 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Did you know that July 26, 2009, will be the 19th anniversary of the Americans with Disabilities Act of 1990?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Mikado Sushi once it's accessible to me. I may still come back before you do the work just because I live across the street and it's very convenient. The food is good. The prices are fair. The food servers are friendly. What more could you want? For me, an easy to open door and usable restroom. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.


Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

July 17, 2009


Owner of the Building
Mikado Sushi Restaurant
248 Northgate One
San Rafael, CA 94903


Dear Owner of Building for Mikado Sushi:

Over the last few months, I've visited Mikado Sushi a few times. As I use a wheelchair, I had problems with the front door pressure being too great. Although I could get into the men's restroom, the problem is the sink doesn't let me get close in without twisting. Believe me it's an ordeal, because I'm a triplegic and I don't have a lot of function. Then have a dresser which keeps a chair user from getting along side the toilet.

The solution is really simple:

1). Reduce door pressure;
2). Put in a small wall mounted sink;
3). Take the dresser out;
4). Check out the women's restroom;
5). See, how simple it was. You can do it!

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed almost 20 years ago. During that time, places like yours were to be made accessible. The Mikado Restaurant is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten more than 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Did you know that July 26, 2009, will be the 19th anniversary of the Americans with Disabilities Act of 1990?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Mikado Sushi once it's accessible to me. I may still come back before you do the work just because I live across the street and it's very convenient. The food is good. The prices are fair. The food servers are friendly. What more could you want? For me, an easy to open door and usable restroom. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

September 2, 2009


Manager
Mikado Sushi Restaurant
248 Northgate One
San Rafael, CA 94903


Dear Manager of Mikado Sushi:

Hello, this Craig Yates again. I wrote you a couple months ago about the entry door
pressure and the men's restroom. I mentioned that the piece of furniture in the men's room is a
problem for wheelchair users, and questioned the sink. As I haven't heard back from you, and as
I've been back and nothing's been done, I thought I'd try again.

It's really, really easy to take care of this. Just reduce the door pressure. That's easy
right? Then go to the men's restroom with another person, pick up the table and carry it out.
How easy is that? Then check out the sink clearance for a wheelchair. Use the sources I gave
you and measure. Simple right?. The same thing is probably in the women's restroom so go
check it out too.

The point is it's easy. I don't want to make a federal case out of this but come on, take
the easy way out because everything is easy to do. Write me when you get this letter and tell me
what I should expect. Okay?


Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

September 2, 2009

Owner of the Building for
Mikado Sushi Restaurant
248 Northgate One
San Rafael, CA 94903

Dear Owner of the building for Mikado Sushi:

Hello, this Craig Yates again. I wrote you a couple months ago about the entry door pressure and the men's restroom. I mentioned that the piece of furniture in the men's room is a problem for wheelchair users, and questioned the sink. As I haven't heard back from you, and as I've been back and nothing's been done, I thought I'd try again.

It's really, really easy to take care of this. Just reduce the door pressure. That's easy right? Then go to the men's restroom with another person, pick up the table and carry it out. How easy is that? Then check out the sink clearance for a wheelchair. Use the sources I gave you and measure. Simple right?. The same thing is probably in the women's restroom so go check it out too.

The point is it's easy. I don't want to make a federal case out of this but come on, take the easy way out because everything is easy to do. Write me when you get this letter and tell me what I should expect. Okay?

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

January 8, 2010

**Via: U.S. Mail/Certified Mail/Hand Delivery**
Sherry, Manager
Mikado Sushi Restaurant
248 Northgate One
San Rafael, California 94903

Dear Sherry:

You know who I am. I'm sending you six of the same letters to make sure you get it. Two by regular mail, two by certified mail and two that I will hand deliver.

What has now bothered me is that Sherry would not give me her last name and when I called again and asked for the name of the owner, the fellow who answered the phone would not give me the name, why?

Why is it that every time I come in you move the chest or vanity from the men's restroom? I know it's because I've complained about blocking me in a wheelchair, but what about anyone else who comes in using a wheelchair? Do you move out the furniture in the men's and women's restroom to make it accessible?

Here is what I want from you:
1. Promise not to put furniture in the men's restroom that blocks access.
2. Promise not to put furniture in the women's restroom that blocks access.
3. Promise to reduce the front door pressure to 5lbs. or less.
4. Make sure any exposed pipes for hot water are wrapped.
5. Lower paper towel dispenser.
6. Promise to do the following in the men's restroom:
   - remove pedestal sink and put in wall hung sink;
   - bring toilet paper dispenser closer to toilet;
   - lower mirror so bottom is at least 40 inches from floor;
   - make door pressure 5lbs. or less; and
   - put in a trash container that's compliant.
7. Promise to do the following in the women's restroom:
   - remove pedestal sink and put in wall hung sink;
   - bring toilet paper dispenser closer to toilet;
   - lower mirror so bottom is at least 40 inches from floor;
   - make door pressure 5lbs. or less; and
   - put in a trash container that's compliant.

Again, here are two sources of information for you so you can do the work correctly: Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Do the right thing and simply fix everything. How easy is that. It's so, so, so simple. Just do it.

Now, if you promise to do this by January 31, 2010, then I'll promise you by my signature here that I will not take any kind of action against you. I will not file any legal action if you agree.

Go talk to a lawyer and the lawyer will tell you this is a good agreement between you and me. Just have the restaurant owner, the person with authority to sign below my name and send it back to me. Fill in the blanks and send it back to me.

Sincerely,

Craig Yates

I, (print name): _____ am the owner of Mikado Sushi Restaurant at 248 Northgate One, San Rafael, California, and I promise to do those promises stated above by January 31, 2010.

Date: _____     Signature: _____

Print Name: _____

Title: _____

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

January 8, 2010

**Via: U.S. Mail/Certified Mail/Hand Delivery**
Mr. Jun, Owner/Manager
Mikado Sushi Restaurant
248 Northgate One
San Rafael, California 94903

Dear Mr. Jun:

You know who I am. I'm sending you six of the same letters to make sure you get it. Two by regular mail, two by certified mail and two that I will hand deliver.

What has now bothered me is that Sherry would not give me her last name and when I called again and asked for the name of the owner, the fellow who answered the phone would not give me the name, why?

Why is it that every time I come in you move the chest or vanity from the men's restroom? I know it's because I've complained about blocking me in a wheelchair, but what about anyone else who comes in using a wheelchair? Do you move out the furniture in the men's and women's restroom to make it accessible?

Here is what I want from you:
1.  Promise not to put furniture in the men's restroom that blocks access.
2.  Promise not to put furniture in the women's restroom that blocks access.
3.  Promise to reduce the front door pressure to 5lbs. or less.
4.  Make sure any exposed pipes for hot water are wrapped.
5.  Lower paper towel dispenser.
6.  Promise to do the following in the men's restroom:
    - remove pedestal sink and put in wall hung sink;
    - bring toilet paper dispenser closer to toilet;
    - lower mirror so bottom is at least 40 inches from floor;
    - make door pressure 5lbs. or less; and
    - put in a trash container that's compliant.
7.  Promise to do the following in the women's restroom:
    - remove pedestal sink and put in wall hung sink;
    - bring toilet paper dispenser closer to toilet;
    - lower mirror so bottom is at least 40 inches from floor;
    - make door pressure 5lbs. or less; and
    - put in a trash container that's compliant.

Again, here are two sources of information for you so you can do the work correctly: Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Do the right thing and simply fix everything. How easy is that. It's so, so, so simple. Just do it.

Now, if you promise to do this by January 31, 2010, then I'll promise you by my signature here that I will not take any kind of action against you. I will not file any legal action if you agree.

Go talk to a lawyer and the lawyer will tell you this is a good agreement between you and me. Just have the restaurant owner, the person with authority to sign below my name and send it back to me. Fill in the blanks and send it back to me.

Sincerely,

Craig Yates

I, (print name): _____ am the owner of Mikado Sushi Restaurant at 248 Northgate One, San Rafael, California, and I promise to do those promises stated above by January 31, 2010.

Date: _____      Signature: _____

                                    Print Name: _____

                                    Title: _____

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

S Hefey MAnAger
MikAdo SusH
ResTAuRAnT
248 NoRMANTE oan
SR CA 95403

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7008 1830 0003 4763 6512

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MeJus Pwwea
MikAJu SosH,
ResTAReuanT
248 NoaTHSnTE 1
SRoa 94963

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7008 1830 0003 4763 6499

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540